CHARLOTTE H. BIRD *vs.* LEONARD DECKER.

*Amendment. Deed—execution of. Judgment for possession on mortgage.*

In a real action, a declaration containing a description of the demanded premises, adjudged insufficient upon demurrer, may be amended by perfecting the description so as to identify the premises.

In an action upon a mortgage of the fee to recover the mortgaged premises an absolute judgment for them and for the waste committed thereon may be entered against a stranger.

A person unable to write may by parol authorize the affixing of his name by another person to a deed so as to convey his title to the premises therein mentioned.

ON EXCEPTIONS.

REAL ACTION, brought to recover land in Casco, thus described in the original writ, dated the eighth day of October, 1874 : "a certain piece of land in said Casco, being a part of lot numbered fourteen in the seventh range, containing about one hundred acres, being the north-easterly half of said lot and the south-easterly part of the other half, adjoining land sold by William Decker to Aaron B. Holden; whereupon the plaintiff saith that she was seized of the demanded premises in her demesne as of fee within twenty years," &c., &c.

The declaration concluded with an averment of waste (under R. S., c. 104,) committed upon the premises between the first day

of September, 1873, and the date of the writ by entering thereon and cutting a large number of trees and removing them, and the staves, hoops, &c., made therefrom, from said land. *Ad damnum*, six hundred dollars. The tenant demurred to this declaration, giving as his reason the indefiniteness of the description of the premises, as given above. The demurrer was sustained, for the cause assigned in support of it, but the demandant had leave to amend upon payment of costs, and did so by inserting the word "simple" after "fee," and by this amendment to the description contained in the original declaration:

Insert "said southeasterly part of said other or southwesterly half lying between the southeasterly line of land sold as aforesaid to said Holden, and the southeasterly line of said lot numbered fourteen, and composing, with said land sold to said Holden as aforesaid, the whole of the southwesterly half of said lot fourteen."

The case was submitted to the presiding justice with the right to except.

To sustain her declaration the demandant introduced a quitclaim deed of the premises from the tenant to his father, William Decker, dated April 27, 1863, and a mortgage deed thereof, with the usual general covenants of warranty, dated April 29, 1867, given by said William Decker to the demandant.

The tenant read in evidence a quitclaim deed of this land from said William Decker to him, dated October 25, 1858.

Leonard Decker could not read nor write at the time the deed purporting to be from him to his father was given, April 27, 1863 ; but he caused this conveyance to be then made, having sold the land to his father for the consideration therein expressed, and received his pay, orally authorizing another person to sign his (the tenant's) name to the deed, which was done in his presence and he acknowledged it to be his deed, and delivered it as such to his father.

He afterwards entered upon the premises, claiming them as his own, and did disseize the demandant, and cut and made from and upon the premises nine thousand hoops worth $15. a thousand before manufacture.

The presiding justice ruled, as matter of law, that Leonard Decker did execute the deed of April 27, 1863, and that the demandant was entitled to a judgment for the land, and $135. for the waste.

To all the rulings of law adverse to him the tenant excepted.

*A. B. Holden* for the tenant.

I. The presiding judge should have directed a nonsuit on the motion of the defendant. The plaintiff neither set forth in her writ the estate she claimed in the premises, nor clearly described the land; both of which were necessary in order to entitle her to maintain her suit. R. S., c. 104, §§ 3 and 21. Those defects were not amendable.

II. The mortgage of William Decker did not support the allegations contained in the writ as amended, and at most could only entitle the plaintiff to conditional judgment, and the judge's decision that the plaintiff is entitled to judgment absolutely for the land is erroneous.

III. The plaintiff did not prove that she was entitled to such estate in the premises as she alleged in her writ, namely, in fee simple, and therefore was not entitled to judgment.

*Butler & Libby* for the demandant.

APPLETON, C. J. The amendment was allowable within the discretion of the presiding justice, which was very properly exercised in allowing it.

The deed of April 27, 1863, from Leonard Decker to his father, William Decker, was the deed of Leonard Decker, even though his own hand did not affix his signature. It was his signature made by him, through the exercise of his will and judgment, though he employed in the manual act the hand of another. It was competent for him to do this. He recognized, adopted and ratified it after it was done, by his acknowledgment and delivery of the deed.

The mortgage deed was in fee simple. As to everybody but

the mortgagor and his representatives it conveyed an absolute title, and the right to possession as against everybody.

The judgment ordered to be entered was right and in conformity with law. *Exceptions overruled.*

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.